UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-23278-CIV-GOLD
MAGISTRATE P. A. WHITE

LESLIE JORDAN,                    :

          Plaintiff,              :

v.                                :          REPORT OF
                                             MAGISTRATE JUDGE
BUREAU OF PRISONS,                :

          Defendants.             :
_____

        The plaintiff Leslie M. Jordan, currently incarcerated at
the Stewart Detention Center in Lumpkin, Georgia, has filed a pro
se civil rights complaint for damages and other relief, pursuant to
Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,
403 U.S. 388 (1971)("Bivens"). [DE# 1].

        The plaintiff alleges that while he was detained at the
Federal Detention Center in Miami he did not receive the medication
Xanax which had been prescribed to him before he was detained,
which caused him to develop high blood pressure. The plaintiff
seeks monetary damages.

        The plaintiff has named as the sole defendant "Bureau of
Prisons Federal Detention Center Miami."

        Under certain circumstances, federal officials, or those
acting under color of federal law, may be sued for the deprivation
of federal constitutional rights.  In Bivens, the Supreme Court
established that victims of a constitutional violation by a federal
official may recover damages against that official in federal court
despite the absence of any statute conferring such right.  Such
action is brought pursuant to 28 U.S.C. §1331 and the applicable

provisions of the United States Constitution.  "The effect of _Bivens_ was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." _Dean v. Gladney_, 621 F.2d 1331, 1336 (5 Cir. 1980), _cert. denied sub nom._ _Dean v. County of Brazoria_, 450 U.S. 983 (1981).

The "Bureau of Prisons Federal Detention Center Miami" is not a proper party in a _Bivens_ civil rights action.  Only individuals can be sued under _Bivens_.  A suit for damages against the United States and its agencies (such as the Bureau of Prisons) based on the Constitution is not contemplated by _Bivens_ and its progeny. The Constitution does not waive the Government's sovereign immunity in a suit for damages; therefore, _Bivens_ implies a cause of action only against federal officials.  _McCollum v. Bolger_, 794 F.2d 602, 608 (11th Cir. 1986), _cert. denied sub nom._ _McCollum v. Tisch_, 479 U.S. 1034 (1987).  Therefore, the plaintiff may only bring his _Bivens_ action against individual defendants.

Accordingly, the Complaint would be subject to dismissal for the reasons stated above.  However, in an effort to construe the instant _pro se_ pleadings liberally, it is determined that the plaintiff should have the opportunity to amend his complaint by naming, as defendants, those individuals who are directly responsible for allegedly illegal conduct.  In addition, the plaintiff should include facts to explain when the alleged constitutional violation occurred and relate specific details about his attempts to receive medication and the reason his requests were denied. The plaintiff was ordered to file an amended complaint on or before February 8, 2007. The plaintiff was cautioned that failure to comply with the Court's Order may result in dismiss of his case. He has failed to comply. The Court's docket indicate that

2

mail sent to the plaintiff was returned as undeliverable.

It is therefore recommended that this complaint be dismissed without prejudice for lack of prosecution.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 3rd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Leslie M. Jordan, <u>Pro Se</u>
     No. 91449646
     Stewart Detention Center
     P.O. Box 248
     Lumpkin, GA 31815
     (Last Known Address)